IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2007

Charles R. Fulbruge III
Clerk

No. 06-60539

SEUNG LYONG SUNG and
HYUN SOOK SUNG,

Petitioner,

v.

PETER D KEISLER, ACTING U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A78 597 388
A77 246 157

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Seung Lyong Sung and Hyun Sook Sung petition for review of an order of the Board of Immigration Appeals ("BIA") holding that the immigration judge ("IJ") lacks jurisdiction to determine whether an approved visa qualifies for portability pursuant to the Immigration and Naturalization Act, § 204(j), 8 U.S.C. § 1154(j). Further, Seung Lyong Sung seeks review of the BIA's decision affirming the IJ's finding that he was not entitled to cancellation of removal. For

the following reasons, we grant the petition in part, deny it in part, and remand to the BIA for further proceedings.

I.

A. Statutory Framework

An employer of an alien worker may petition the Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS") to grant the individual an employment-based visa (Form I-140). Approval and adjudication of employment-based visa petitions are within the exclusive jurisdiction of the Department of Homeland Security Service Centers. 8 C.F.R. § 205.5(b) (2006). Pursuant to 8 U.S.C. § 1255, a holder of an employment-based visa may apply for adjustment of status (Form I-485) which allows certain aliens living in the United States and employed by American employers to apply to become permanent residents if: (1) the alien is eligible to receive an immigrant visa; (2) the visa is immediately available; (3) and the alien is admissible to the United States. 8 U.S.C. § 1255(a)(1)-(3).

An alien may lose his eligibility for § 1255 status adjustment while awaiting the adjustment if, inter alia, the alien is no longer employed by the employer who submitted the approved visa petition. However, noting the substantial time necessary for processing adjustment of status applications, Congress enacted § 204(j) of the Immigration and Naturalization Act, 8 U.S.C.A. § 1154(j)– the portability statute. This statute provides:

> [A]n individual whose application for adjustment of status pursuant to section 1255 of this title has been filed and remained un- adjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or similar occupational classification as the job for which the petition was filed.

Thus, an approved immigration petition will remain valid for the purpose of an application for adjustment of status when the alien changes jobs if two conditions are met: (1) the adjustment of status application has remained unadjudicated for more than 180 days; and (2) the alien's new employment is the same or similar to the job for which the visa petition was approved.

Generally, USCIS has jurisdiction over adjustment of status issues. 8 C.F.R. § 245.2(a)(1). However, once an alien "has been placed in deportation proceedings (other than an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status." 8 C.F.R. § 1245.2(a)(1).

### B. Factual and Procedural Background

Seung Lyong Sung ("Mr. Sung") and Hyun Sook Sung ("Mrs. Sung") entered the United States in 1989 based on a student visa issued to Mr. Sung; Mr. Sung never attended school after entering the United States. In 1996, Dong A. Daily News ("Dong News"), Mrs. Sung's employer at that time, filed an employment-based visa petition on her behalf. The petition was approved on January 13, 2000. On November 1, 2000, Mrs. Sung applied for adjustment of status, seeking permanent residence under 8 U.S.C.A. § 1255. On August 8, 2002, before Mrs. Sung's adjustment application was adjudicated, Dong News went out of business and accordingly withdrew its visa petition on her behalf. Mrs. Sung secured employment as a secretary at Korean Journal of Dallas in September, 2003. Because Dong News withdrew her visa petition, USCIS issued Mrs. Sung a "Notice of Automatic Revocation," informing her that her visa petition was revoked and denying her application for adjustment of status in December, 2003. That same month separate removal proceedings were initiated against both Mr. and Mrs. Sung. In March, 2004, their hearings were consolidated after Mr. Sung indicated that his eligibility for adjustment of status was dependant on approval of Mrs. Sung's adjustment of status application.

Petitioners' hearing on the merits before the IJ commenced on February 25, 2005. The Sungs argued that Mrs. Sung's visa petition remained valid pursuant to § 204(j) because her adjustment of status application had not been adjudicated within the 180-day time frame and her new job was substantially similar to the job for which the visa petition had been granted. The IJ held that she did not have jurisdiction to make a § 204(j) determination; and therefore denied the Sungs' application and found the Sungs removable. The IJ ordered voluntary departure with an alternate order of removal. The Sungs appealed to the BIA. The BIA affirmed the IJ's decision. Petitioners now appeal the decision of the BIA to this court.

## C. Analysis

On a petition for review of a decision of the BIA, we review questions of law de novo and findings of fact for substantial evidence. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). In reviewing the BIA's interpretation of immigration statutes, where Congress has evidenced a clear and unambiguous intent concerning the question before this court, we must give effect to Congress's intent. White v. I.N.S., 75 F.3d 213, 215 (5th Cir. 1996). If a statute is silent or ambiguous, we will defer to the agencies interpretation only if it is based on a permissible construction of the statute. Id. This court reviews only the order of the BIA and will consider the underlying decision of the IJ if it influenced the determination of the BIA. Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).

Mr. and Mrs. Sung seek review of a BIA order holding that the IJ lacked jurisdiction to determine whether an approved visa petition remained valid when the holder of the visa petition changed employment. The government argues that disputes over portability involve the adjudication of an employment-based visa petition and that any redetermination of a visa petition's validity is within the jurisdiction of the USCIS, not the IJ. Accordingly, the

government contends that Mr. and Mrs. Sung should have appealed the USCIS's revocation of Mrs. Sung's visa petition administratively as opposed to seeking review of the decision by an IJ. Further, The government insists that IJs lack the expertise to determine similarity in certain types of employment as required when making a portability determination.

While this court has not yet had occasion to consider whether an IJ has jurisdiction over an alien's portability claim under § 204(j), in Perez-Vargas v. Gonzales, 478 F.3d 191 (4th Cir. 2007), the Fourth Circuit recently addressed this issue. In that case, the petitioner, who was in deportation proceedings before an IJ, requested and was granted a continuance pending approval of an employment-based visa petition. Id. at 193. After the visa petition was granted, he then filed for an adjustment of status pursuant 8 U.S.C.A. § 1255. Id. Before approval of his adjustment of status, Petitioner lost the job for which the visa petition had been approved but secured new employment. Id. When Petitioner appeared before the IJ again, he argued that his visa remained valid under the portability statute because his current employment was substantially similar to the job for which the visa petition had been approved. Id. The IJ held that he lacked jurisdiction to determine portability issues; and the BIA affirmed the IJ's decision. Id.

In Perez-Vargas, the government made the same argument as here: § 204(j) involves an employment-based visa petition determination, not an adjustment of status determination, and therefore only USCIS has jurisdiction to determine such issues. Id. The Fourth Circuit disagreed. First, the court noted that the portability statute is not a jurisdictional statute nor does it provide for an independent administrative process. Id. Second, the court turned to the language of the portability statute which states that it is applicable to individuals "whose application for adjustment of status . . . has been filed and remained unadjudicated for 180 days or more." Id. at 194 (citing INA § 204(j),

8 U.S.C.A. § 1154(j)).  The Fourth Circuit determined that based on the plain language of this statute, it pertains to an adjustment of status application, not an employment-based visa petition determination.  Id.  After determining that an adjustment of status application was at issue, the court observed that under 8 C.F.R. § 1245.2(a)(1), IJs have exclusive jurisdiction to determine adjustment of status once removal proceedings are initiated.  Id.  The court concluded that "because the IJ has exclusive jurisdiction to adjudicate an application for adjustment of status, he necessarily has jurisdiction to make a § 204(j) determination, which is simply an act of fact-finding incidental to the adjustment of status process."  Id.  Finally, the court notes that § 204(j) does not distinguish between those individuals with adjustment of status applications pending before USCIS and those with applications pending with an IJ.  Id. at 195.  The court concluded that the BIA's decision makes such a distinction, thus denying the benefits of § 204(j) to aliens in removal proceedings.[1]  Id.  The court explained that "this result is contrary to the plain language of the statute, which applies to all aliens who have an application for adjustment of status pending and who otherwise satisfy the statute's terms." Id.  We agree.

Taking into account the statutory scheme as well as Congress's construction of § 204(j), there is no support for the government's contention that this statute involves an employment-based visa determination.  Accordingly, we adopt the reasoning of the Fourth Circuit, and similarly hold that § 204(j) involves an adjustment of status determination.   Because IJs are vested with the exclusive jurisdiction to determine adjustment of status applications once

---

[1] In Perez-Vargas, the petitioner sought administrative closure of the removal proceedings and asked the USCIS to make the portability determination; however, the USCIS refused the petitioner's request, leaving him unable to avail himself of § 204(j).  While there is no indication in the record that the Sungs attempted to present their portability claims to USCIS, because we find that the IJ has jurisdiction to make  § 204(j) determinations, we do not address this issue here.

6

removal proceedings are initiated, IJs have jurisdiction to make § 204(j) determinations, including the jurisdiction to make the factual finding necessary to ascertain whether employment classifications are the same or similar as required by the statute.

## II.

Mr. Sung also contends that the IJ abused its discretion by denying his cancellation of removal, ruling that Mr. Sung had not established that his removal would result in exceptional and extremely unusual hardship to his children under 8 U.S.C. § 1229b(b). Mr. Sung contends that the IJ did not consider all of the relevant factors in determining that his children would not suffer the requisite hardship.

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(I), this court does not have jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." This provision is not applicable where the appeal involves constitutional claims or questions of law. § 1252(a)(2)(D). Mr. Sung's cancellation of removal under § 1229b(b) does not involve a constitutional claim or a question of law; therefore, this court does not have jurisdiction to review this claim.

## III.

Because we find the IJ's and BIA's interpretation of § 204(j) to be inconsistent with Congressional intent, we GRANT the petition for review, VACATE the order of the BIA, and REMAND for proceedings consistent with this opinion.[2] We DENY Mr. Sung's petition for review of his second claim as this court lacks jurisdiction to review the matter.

---

[2] In remanding, we express no opinion regarding the proper resolution of the adjustment of status application.