# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-61092
Summary Calendar

JUAN CARLOS AJEATAS YAT,

Petitioner

v.

ERIC H. HOLDER, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 452 799

Before DAVIS, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Ajeatas Yat, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for cancellation of removal pursuant to §203(b) of the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub. L. No. 105-100, 111 Stat. 2160, 2198-99 (1997). Yat argues that the BIA erred in finding that he had not shown sufficient hardship to warrant cancellation of removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 203 of NACARA amended § 309(f) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009, to establish rules to permit certain classes of aliens, including those from Guatemala, to apply for cancellation of removal under what is titled the "SPECIAL RULE FOR CANCELLATION OF REMOVAL." 111 Stat. 2160, 2198-99. Pursuant to the "special rule," eligible aliens may seek cancellation of removal under Immigration and Nationality Act (INA) § 240A (codified at 8 U.S.C. § 1229b). *Id.* To succeed, the applicant must show, inter alia, that (1) he has been present in the United States for at least seven years immediately preceding the date on which he filed his application, (2) he has been a person of good moral character during that period, and (3) his removal would result in extreme hardship to either himself or a qualifying relative. *Id.*

The application for cancellation of removal under the special rules applied to certain Guatemalans under NACARA is subject to the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B). *See* NACARA § 203(b), 111 Stat. 2160, 2198-99. Accordingly, we lack jurisdiction to review the challenge to the BIA's denial of that form of discretionary relief. *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). However, § 1252(a)(2)(B) does not prevent this court from considering constitutional claims or questions of law. *See* § 1252(a)(2)(D). While attempting to couch his arguments as questions of law, Yat's arguments boil down to a dispute over the Immigration Judge's weighing and finding of facts. Accordingly, this court lacks jurisdiction to review the BIA's denial of Yat's application for cancellation of removal under NACARA § 203(b). *See Sung*, 505 F.3d at 377.

Yat's petition for review is DISMISSED for lack of jurisdiction.