# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 11, 2009

Charles R. Fulbruge III
Clerk

No. 09-60123
Summary Calendar

ROBERTO CARLOS NAVARRO-CASTRO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
No. A88 015 914

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roberto Carlos Narvarro-Castro appeals the Board of Immigration Appeals order affirming the Immigration Judge's decision to deny his application for cancellation of removal under the Immigration and Nationality Act. As this court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i), the petition is dismissed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Navarro-Castro conceded removability and on May 28, 2008 submitted his application for cancellation of removal, claiming that his removal to Mexico would result in exceptional and extremely unusual hardship to his three United States citizen children. The Immigration Judge found that while a hardship existed,[1] it did not rise to the level of "exceptional and extremely unusual hardship" as required by 8 U.S.C. § 1229b(b).

This court does not have jurisdiction to review the Immigration Judge's discretionary decision that Navarro-Castro's children would not suffer an "exceptional and extremely unusual hardship."[2] For that reason, Navarro-Castro's petition is DISMISSED.

---

[1] The Immigration Judge found that (1) the children would likely have to move to Mexico to stay with a parent as their mother was also in the country illegally; (2) none of the three daughters, aged 14, 11, and 8, could read or write Spanish, although they could speak it; (3) the prospect of moving to Mexico was causing them to suffer "depression"; and (4) one of the daughters had a weight problem. In addition, Navarro-Castro alleges that (1) he would be unable to find work in his home village in Mexico and that his family there relied on his income from the United States; (2) his family's home in Mexico lacks running water or indoor plumbing; (3) the daughter who is overweight has preindications of diabetes; (4) his eldest daughter would likely have to quit school to help the family financially if they move to Mexico; and (5) the educational opportunities in Mexico are extremely limited when compared to those available to his children in the United States.

[2] 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Kiesler*, 505 F.3d 372, 377 (5th Cir. 2007).