**Luis Daniel PEREZ–VILLALOBOS, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 09–60748

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 18, 2010.

Manuel E. Solis, Jr., Esq., Manuel Solis Law Firm, Houston, TX, for Petitioner.

Emily Anne Radford, Assistant Director, Tangerlia Cox, Melody K. Eaton, Esq., Susan Bennett Green, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

Luis Daniel Perez–Villalobos (Perez), a native and citizen of Mexico, challenges the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). He argues that the immigration judge (IJ) failed to consider all of the relevant factors and improperly weighed the factors that he did consider. The Government has moved to dismiss the petition for lack of jurisdiction.

When, as in this case, the Board of Immigration Appeals (BIA) adopts the IJ's decision as its own, we review the IJ's decision. *Mikhael v. INS,* 115 F.3d 299, 302 (5th Cir.1997). As a general rule, we have jurisdiction to review BIA removal orders, but because the IJ denied Perez's application for cancellation of removal under § 1229b on the merits, we lack jurisdiction to review his challenge to that unfavorable exercise of discretion. *See* 8 U.S.C. § 1252(a)(2)(B). Although Perez contends that his claim presents a question of law that we have jurisdiction to resolve, *cf.* § 1252(a)(2)(D), we have held that a claim that the IJ did not consider all of the relevant factors in denying relief under § 1229b(b) does not present a question of law. *Sung v. Keisler,* 505 F.3d 372, 377 (5th Cir.2007). Accordingly, Perez's claim does not fall within § 1252(a)(2)(D), and we do not have jurisdiction to review this claim. *See Sung,* 505 F.3d at 377.

MOTION GRANTED; PETITION DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.