# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2010

No. 09-60807
Summary Calendar

Lyle W. Cayce
Clerk

ELVIRA JOSEFINA COYOY; YURI YESSENIA COYOY, also known as Yuri Yessenia Ramos-Coyoy,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070-684-038
BIA No. A098-705-602

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Elvira Josefina Coyoy (Coyoy) and her daugher, Yuri Yessenia Ramos-Coyoy, have filed a petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the immigration judge's (IJ's) denial of Coyoy's application for the withholding of removal. Coyoy argues that the BIA erred in concluding that she did not suffer past persecution and in

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding that she failed to show a clear probability she would be targeted for future persecution based on an actual or imputed political opinion.

On a petition for review of a decision of the BIA, we review questions of law de novo and findings of fact for substantial evidence. *Sung v. Keisler*, 505 F.3d 372, 375 (5th Cir. 2007). We review the underlying decision of the IJ only to the extent that it influenced the BIA's determination. *Id.*

To be eligible for the withholding of removal, an applicant must establish that there is a clear probability that he will be persecuted upon his return to his home country. *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007). To establish a clear probability, the applicant must show that it is more likely than not that his "life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* "Persecution is a an extreme concept that does not include every sort of treatment our society regards as offensive. . . . [It] requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4 (5th Cir. 2004) (internal quotation marks and citations omitted). The withholding applicant must also prove a "particularized connection" between the feared persecution and one of the five enumerated grounds. *Roy v. Ashcroft,* 389 F.3d 132, 138 (5th Cir. 2004). To demonstrate such a connection, the applicant must present "specific detailed facts showing a good reason to fear that he or she will be singled out for persecution." *Id.* (internal quotation and citation omitted).

Substantial evidence supports the BIA's determination that Coyoy failed to establish past persecution. Coyoy reported only a single incident of physical contact with the guerillas, and she admitted that she was not injured as a result of the incident. Moreover, the incidents of verbal intimidation and harassment reported by Coyoy were isolated and not particularly egregious.

No. 09-60807

Substantial evidence also supports the BIA's determination that Coyoy failed to establish a connection between her fear of future persecution and an actual or imputed political opinion. In order to show persecution on account of political opinion, "[t]he alien must demonstrate through some evidence, either direct or circumstantial, that the persecutors know of his (the alien's) political opinion and has or will likely persecute him *because* of it." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002). Coyoy did not provide any evidence that the guerillas knew of her opinion or targeted her for recruitment because of it. Nor was there any indication that the guerillas believed that Coyoy's refusal to spy for them was politically based.

Coyoy's petition for review is DENIED.