**Norma SEGOVIA, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 09–60759
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 2010.

Jesus A. Macias, Houston, TX, for Petitioner.

Rachel Louise Browning, Trial Attorney, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM: *

Norma Segovia, a native and citizen of Mexico, petitions this court for review of an order from the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of her application for cancellation of removal. The IJ determined that Segovia had failed to show that her removal would result in exceptional and extremely unusual hardship to her family, as required for cancellation of removal. Segovia argues in this petition that the IJ cited to legal authority involving hardship factors that are not present in her situation.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

We lack jurisdiction to consider the BIA's discretionary determination that Segovia failed to demonstrate exceptional and unusual hardship. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir.2007); *Rueda v. Ashcroft*, 380 F.3d 831 (5th Cir.2004). The jurisdiction-stripping provision of § 1252 does not preclude review of constitutional claims and questions of law. § 1252(a)(2)(D); *Sung*, 505 F.3d at 377. Segovia did not make any arguments in her brief raising a colorable constitutional claim or a question of law that we would have jurisdiction to review. Because we lack jurisdiction to review the final order of removal, the petition for review is dismissed. *See Alwan v. Ashcroft*, 388 F.3d 507, 515 (5th Cir.2004).

DISMISSED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.