# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2011

Lyle W. Cayce
Clerk

No. 10-60631
Summary Calendar

RAYSHMA RIZWAN; ASIM SHEIKH; AYSHA RIZWAN,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A095 348 886
A095 348 968
A095 348 969

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rayshma Rizwan and her two adult children, Asim Sheikh and Aysha Rizwan, challenge the denial of their requests for cancellation of removal under 8 U.S.C. § 1229b(b)(1) and withholding of removal under 8 U.S.C. § 1231(b)(3). The immigration judge (IJ) denied their requests and ordered them removed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United Kingdom. The Board of Immigration Appeals (BIA) dismissed their appeals.[1]

Rayshma, Asim, and Aysha argue that the IJ abused its discretion by denying Rayshma's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1) by ruling that Rayshma had not established that her removal would result in "exceptional and extremely unusual hardship," *id.* § 1229b(b)(1)(D), to her minor children, who are United States citizens.[2] They argue that the IJ failed to give adequate weight to evidence regarding Rayshma's medical condition and other factors that establish that Rayshma's removal would cause her minor children the requisite hardship. "Pursuant to 8 U.S.C. § 1252(a)(2)(B)(I), this court does not have jurisdiction to review 'any judgment regarding the granting of relief under section . . . 1229b.'" *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007) (quoting 8 U.S.C. § 1252(a)(2)(B)(I)). While "[t]his provision is not applicable where the appeal involves constitutional claims or questions of law," Rayshma, Asim, and Aysha's "cancellation of removal under § 1229b(b) does not involve a constitutional claim or a question of law." *See Sung*, 505 F.3d at 377 (citing 8 U.S.C. § 1252(a)(2)(D)). "[T]herefore, this court does not have jurisdiction to review this claim." *See id.* Accordingly, we decline to remand Asim and Aysha's requests for cancellation of removal as they lack a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(d).

The three family members also argue that the BIA erred in denying their requests for withholding of removal under § 1231(b)(3). "If [an] applicant [for withholding of removal] is determined to have suffered past persecution in the

---

[1] The three family members also requested asylum and relief under the Convention Against Torture, but they do not seek review of the denial of those claims.

[2] Asim and Aysha concede that they are only entitled to cancellation of removal under § 1229b(b)(1) if Rayshma's application for adjustment of status was granted. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring, as a condition of eligibility for cancellation of removal, "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent resident").

proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion, it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal," and the Government "shall bear the burden" of rebutting that presumption. 8 C.F.R. § 1208.16(b)(1). However, where, as here, "the applicant's fear of future threat to life or freedom is unrelated to the past persecution," no such presumption applies, and "the applicant bears the burden of establishing that it is more likely than not that he or she would suffer such harm." *Id.* § 1208.16(b)(1)(iii). Whether an alien has demonstrated eligibility for withholding of removal is a factual determination that we review for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citing *Zamora-Morel v. INS*, 905 F.2d 833, 838 (5th Cir.1990)). Under the substantial evidence standard, " reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Id.* (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). In this case, the BIA found that the three family members failed to show that it was more likely than not that their life or freedom would be threatened by persecution based on their religion, and Rayshma, Asim, and Aysha have failed to show that "any reasonable adjudicator would be compelled to conclude to the contrary."

PETITION DISMISSED IN PART AND DENIED IN PART.