# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60427
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2013

Lyle W. Cayce
Clerk

ANDRES FELIX-AGUSTIN,

Petitioner

v.

ERIC HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 676 130

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Andres Felix-Agustin, a native and citizen of Guatemala, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the order of the Immigration Judge (IJ) denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). He contends that the agency wrongly rejected his claims that he had been continuously present in the United States for ten years and that removal would

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

result in extremely unusual hardship to his then 22-month-old daughter. *See* § 1229b(b)(1).

We are statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). Although this jurisdiction-stripping provision does not preclude review of constitutional claims or questions of law; § 1252(a)(2)(D); *Sung*, 505 F.3d at 377, we look past an alien's framing of an issue and will decline to consider "an abuse of discretion argument cloaked in constitutional garb." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (internal quotation marks, citation, and brackets omitted).

Without citation to the record or precedent, Felix-Agustin argues that the IJ's determination that he failed to show ten years' continuous presence "necessarily" affected its analysis of the hardship of removal on his young daughter. As the agency's analysis of continuous presence relies on different factors focused on the alien himself while the analysis of hardship focuses exclusively on the qualifying relative, Felix-Agustin's daughter, his claim is unavailing. *See* § 1229b(b)(1); *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001). His challenge remains in essence a disagreement with the agency's analysis of the hardship factors and its discretionary determination, over which this court lacks jurisdiction. *See* § 1252(a)(2)(B)(i); *Sung*, 505 F.3d at 377.

Accordingly, Felix-Agustin's petition for review is DISMISSED for lack of jurisdiction.