Jose HERNANDEZ–MENDEZ, also known as Jose Ibarra–Hernandez, also known as Jose Mendez–Hernandez, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 13–60654

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 26, 2014.

Kathleen C. Gasparian, David Ware & Associates, Metairie, LA, for Petitioner.

Matthew Brian George, Juria L. Jones, Trial Attorney, Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Hernandez–Mendez, a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of cancellation of removal under 8 U.S.C. § 1229b. He contends that the BIA legally erred in concluding that he failed to establish that his United States citizen children would suffer exceptional and ex-tremely unusual hardship as a result of his removal to Mexico. Specifically, Hernandez–Mendez argues that the IJ and BIA failed to properly consider and cumulatively assess the age, educational needs, and health of his United States citizen children. He also argues that the BIA misinterpreted § 1229b(b)(1)(D) to require that the hardship apply to a single qualifying relative.

We are statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir.2007). This jurisdiction-stripping provision does not preclude review of constitutional claims or questions of law. § 1252(a)(2)(D); *Sung*, 505 F.3d at 377. However, we look past an alien's framing of an issue and will decline to consider "an abuse of discretion argument cloaked in constitutional garb." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (internal quotation marks, citation, and alteration omitted).

Hernandez–Mendez's claim that the IJ and BIA failed to properly consider and cumulatively assess the age, educational needs, and health of his United States citizen children is nothing more than a disagreement with the IJ's and BIA's weighing of the factors underlying the discretionary hardship determination. Further, the IJ's and BIA's decisions reflect that they meaningfully considered all of the relevant hardship factors and evidence, individually and cumulatively. Because Hernandez–Mendez challenges the consideration and weighing of the evidence, we lack jurisdiction over his claim that the BIA erred in dismissing his appeal of the IJ's denial of his application for cancella-

---

378

tion of removal. *See Sung,* 505 F.3d at 377.

Finally, although § 1252(a)(2)(B)(i) does not preclude our review of Hernandez–Mendez's claim that the BIA misinterpreted § 1229b(b)(1)(D), *see* § 1252(a)(2)(D), we nonetheless lack jurisdiction to consider the claim because it was not raised before the BIA. *See* § 1252(d)(1); *Omari v. Holder,* 562 F.3d 314, 318–20 (5th Cir. 2009).

Accordingly, Hernandez–Mendez's petition for review is DISMISSED for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.