# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60811
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2014

Lyle W. Cayce
Clerk

AMANDEEPAK KAUR,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 064 876

Before JOLLY, BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Amandeepak Kaur, a native and citizen of India, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of cancellation of removal under 8 U.S.C. § 1229b. She argues that the IJ erred by admitting a document from a prior immigration proceeding because it was not submitted 15 days prior to the immigration hearing. She also contends that the BIA legally erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding that she failed to establish that her United States citizen children would suffer exceptional and extremely unusual hardship as a result of her removal to India.  Because the BIA based its decision on Kaur's failure to meet the hardship requirement without expressing an opinion on the remainder of the IJ's findings, Kaur contends that the BIA's decision is unclear.

We are statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of cancellation of removal.  8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).  This jurisdiction-stripping provision does not preclude review of constitutional claims or questions of law. § 1252(a)(2)(D); *Sung*, 505 F.3d at 377.  However, we look past an alien's framing of an issue and will decline to consider "an abuse of discretion argument cloaked in constitutional garb." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (internal quotation marks, citation, and alteration omitted). Because Kaur's arguments challenging the IJ's and BIA's assessment of the hardship factors are nothing more than a disagreement with the IJ's and BIA's weighing of the factors underlying the discretionary hardship determination, we lack jurisdiction over that challenge.  *See Sung*, 505 F.3d at 377.

Kaur's challenge to the admission of the document at trial implicates her due process rights, which we have jurisdiction to consider. *See id.* at 377.  We review a due process challenge de novo. *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012).  As Kaur concedes, evidence used for purposes of impeachment are not required to be submitted 15 days prior to the immigration hearing.  The IJ admitted the document over Kaur's objection because the IJ ruled that the document was being used to impeach Kaur. Because examination of the transcript supports that ruling and Kaur's challenge to the admission of the document is based solely upon the alleged violation of the 15-day submission period, Kaur has failed to show that the IJ's

No. 13-60811

decision violated due process standards of fundamental fairness. *See id.* Moreover, to the extent that Kaur's challenge to the clarity of the BIA's decision is reviewable as a legal question, her challenge lacks merit.

Accordingly, Kaur's petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.