# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2015

Lyle W. Cayce
Clerk

LIYUN SHANG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 840 724

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Chinese national Liyun Shang petitions this court for review of the Board of Immigration Appeals's (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) discretionary denial of cancellation of removal under 8 U.S.C. § 1229b. She argues that the BIA and IJ erroneously failed to consider and give appropriate weight to the hardship her United States citizen spouse would suffer if she is removed, the fact that she has been rehabilitated from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her sole prior conviction, and that she suffered abuse at the hands of her former spouse in China.

The respondent moves to dismiss the petition for lack of jurisdiction. Shang opposes the motion, recasting her arguments as legal errors.

We are statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of cancellation of removal.  8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).  This jurisdiction-stripping provision does not preclude review of constitutional claims or questions of law. § 1252(a)(2)(D); *Sung*, 505 F.3d at 377.  However, we look past an alien's framing of an issue and will decline to consider an abuse of discretion argument cloaked in constitutional or legal garb.  *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006).  Because Shang's arguments challenging the IJ's and BIA's assessment of the evidence and testimony are nothing more than a disagreement with their weighing of the factors underlying the discretionary decision whether she merited cancellation of removal, we lack jurisdiction over that challenge.  *See Sung*, 505 F.3d at 377.

Accordingly, the respondent's motion is GRANTED, and the petition is DISMISSED FOR LACK OF JURISDICTION.