# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60457
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2016

Lyle W. Cayce
Clerk

IRMA NEREIDA GAYTAN DE PULIDO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A037 007 484

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

Irma Nereida Gaytan De Pulido, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA), dismissal of her appeal from the immigration judge's (IJ) 2014 denial of her application for cancellation of removal, pursuant to 8 U.S.C. § 1229b(a). The IJ concluded De Pulido did not merit discretionary cancellation of removal because the seriousness of her recent Texas conviction for possession of marijuana, and her failure to testify

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60457

credibly about the circumstances surrounding that offense, outweighed the positive factors supporting her application.  The BIA affirmed.

De Pulido maintains the IJ and BIA violated her right to due process because they failed to consider all of the relevant factors favoring cancellation of removal, and did not follow published BIA precedent setting forth those factors.  The Government counters our court lacks jurisdiction to entertain De Pulido's challenge, because she fails to advance any legal or constitutional claim that overcomes the jurisdictional bar.  *See* 8 U.S.C. § 1252(a)(2)(B)(i).

Under § 1252(a)(2)(B)(i), we cannot review the denial of discretionary relief under § 1229b, including the decision to deny cancellation of removal.  *E.g., Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014).  That bar, however, "is not applicable where the [challenge] involves constitutional claims or questions of law".  *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).

In *Sung*, our court rejected the contention that the BIA's failure to consider all relevant factors presented a question of law or constitutional claim.  *Id.*  We have also rejected the assertion the BIA's failure to follow its own precedent constitutes a legal question that overcomes the jurisdictional bar.  *Falek v. Gonzales*, 475 F.3d 285, 289 & n.2 (5th Cir. 2007).  Moreover, "[e]ligibility for discretionary relief from a removal order is not a liberty or property interest warranting due process protection".  *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 219 (5th Cir. 2003) (internal quotation marks omitted).  Accordingly, because De Pulido fails to present the requisite legal or constitutional issue, our court lacks jurisdiction to review her petition.

DISMISSED.