# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 16-60113
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2017

Lyle W. Cayce
Clerk

FELIX ZVIKOMBORERO ZIHUMO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200-655-168

———

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

Felix Zvikomborero Zihumo, a native and citizen of Zimbabwe, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of his applications for withholding and cancellation of removal following an adverse credibility determination by the immigration judge (IJ). He does not challenge the denial of his asylum application as untimely or the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that he waived any claim for relief under the Convention Against Torture.

Because the BIA reviewed the IJ's credibility finding for clear error, we will review the IJ's decision to the extent it impacted the decision of the BIA. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). According to Zihumo, the IJ cherry-picked evidence to support the adverse credibility finding and did not consider totality of the circumstances as required under 8 U.S.C. § 1158(b)(1)(B)(iii). The detailed and extensive rationale for the credibility finding clearly reflects that both the IJ and the BIA considered the totality of the circumstances.

In addition, Zihumo asserts that the IJ improperly speculated that he could not fear for his life if he returned to Zimbabwe and also want to return one day. The IJ did not speculate that a person could not fear returning to a country and also want to return. Instead, the IJ questioned the suspicious timing of Zihumo's changed outlook on whether it would be safe for him to return to Zimbabwe, which coincided with the expiration of his student visa.

According to Zihumo, the IJ also erred by relying on his smug demeanor and his smirking during the hearing without noting the behaviors on the record or asking him about them. The IJ properly relied on his observations. *See* § 1158(b)(1)(B)(iii).

Zihumo also disputes the finding that his testimony was the only evidence supporting his allegations of persecution. He cites as corroborating evidence the testimony of an official with the Movement for Democratic Change (MDC), written documentation in the record of the political situation in Zimbabwe, a statement purportedly signed by his parents, a report issued by the United States Embassy, and reports by the State Department. The party official did not testify about Zihumo's alleged political activities in

Zimbabwe, his encounters with the ruling party, or the experiences of his family members.  Indeed, the official indicated that Zihumo would be safe in Zimbabwe if he refrained from intervening in conflicts between MDC supporters and forces loyal to Zimbabwean President Robert Mugabe. Accordingly, the testimony did not corroborate Zihumo's allegations or show that he faces a clear probability of persecution.

Similarly, the reports about conditions in Zimbabwe do not corroborate Zihumo's personal story.  The only corroborating evidence he cites is an unsworn statement purportedly signed by his parents.  Such unverified evidence alone does not establish a clear probability of persecution in light of the adverse credibility finding.  *See Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005).

For all of these reasons, Zihumo fails to satisfy the substantial evidence standard with respect to the adverse credibility finding, *see Wang*, 569 F.3d at 538-39, and fails to show that he is entitled to withholding of removal, *see Hongyok v. Gonzales*, 492 F.3d 547, 550 (5th Cir. 2007).

Zihumo also contends that the BIA erred in affirming the denial of cancellation of removal because the IJ did not consider the evidence of his daughter's asthma and the associated risks she would face upon return to Zimbabwe.  We lack jurisdiction to review the finding that Zihumo failed to show that his removal would result in exceptional and extremely unusual hardship to his daughter.  *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).

The petition for review is DENIED.