# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2017

Lyle W. Cayce
Clerk

CARLOS CORTINA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 684 654

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Carlos Cortina, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) order of removal and denial of discretionary relief in the form of cancellation of removal under 8 U.S.C. § 1229b. Cortina contends the IJ and BIA erred in finding he did not satisfy the exceptional-and-extremely-unusual-hardship standard for

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60156

cancellation of removal. He contends: the IJ failed to consider all the factors in his case; his case does present a compelling case of exceptional and extremely unusual hardship to his children; and the IJ applied a different standard of unconscionable hardship. Cortina further asserts the IJ failed to: inquire about the health of his children; consider the "separation of family" factor; or allow him to fully present his evidence.

Our jurisdiction over immigration proceedings is governed by 8 U.S.C. § 1252. Section 1252(a)(2)(B)(i) strips us of jurisdiction to review an immigration court's discretionary decision to deny cancellation of removal under § 1229b or the findings of fact made in support of that decision. *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). We have jurisdiction under § 1252(a)(2)(D), however, to consider *de novo* any "constitutional claims or questions of law" raised in a petition for review of such a decision. *Id.*

Cortina has not raised any claim of constitutional or legal error in connection with the denial of his request for cancellation of removal. His contentions merely disagree with the weighing of the factors underlying the discretionary decision whether he merited cancellation of removal. As noted, § 1252(a)(2)(B)(i) prohibits us from reviewing that decision or its factual-findings bases. *See Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Cortina's attempt to convert his challenge to the non-reviewable, discretionary decision into a question of law does not create jurisdiction. *See Sung*, 505 F.3d at 377.

DISMISSED.