# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60685
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2017

Lyle W. Cayce
Clerk

JESUS MANUEL GARIBALDI-HERNANDEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 736 128

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

An immigration judge determined that Jesus Manuel Garibaldi-Hernandez, a native and citizen of Mexico who had permanent residency in the United States, was removable based on his conviction for possession of cocaine, a controlled substance crime, after being admitted. *See* 8 U.S.C. § 1227(a)(2)(B)(i). Garibaldi-Hernandez applied for cancellation of removal as a permanent resident alien, *see* 8 U.S.C. § 1229b(a), and the immigration judge

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60685

denied the application.  Garibaldi-Hernandez now seeks review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's denial of cancellation relief.  We will dismiss the petition for lack of jurisdiction.  As explained below, review of the discretionary denial of cancellation relief is barred under 8 U.S.C. § 1252(a)(2)(B)(i), and no exception to the bar applies in this case.  *See Zhao v. Gonzales*, 404 F.3d 295, 302 (5th Cir. 2005).

Garibaldi-Hernandez was denied cancellation of removal as a discretionary matter after a balancing of the positive and the negative factors pertaining to his case.  If an alien is denied cancellation relief under § 1229b(a), we lack jurisdiction to review the ruling.  § 1252(a)(2)(B)(i); *see Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).  But we have jurisdiction to review constitutional claims or questions of law the alien may present when seeking such relief.  § 1252(a)(2)(D); *see Sung*, 505 F.3d at 377.  Thus, we do not have jurisdiction over the denial of cancellation relief unless Garibaldi-Hernandez has raised constitutional or other legal questions.  *See Sung*, 505 F.3d at 377. Questions may not, however, be advanced merely masquerading in legal or constitutional costume in an attempt to circumvent the statutory bar. *Hadwani v. Gonzales*, 445 F.3d 798, 799 (5th Cir. 2006).

The contentions of Garibaldi-Hernandez that the BIA ignored precedent, particularly with regard to the rehabilitation factor, constitute a challenge to the balancing of the discretionary factors, i.e., a prohibited challenge in masquerade.  *See Hadwani*, 445 F.3d at 801.  Arguments cast in legal terms that seek review of discretionary decisions do not create jurisdiction. Additionally, Garibaldi-Hernandez's assertions of due process violations are unavailing.  "Eligibility for discretionary relief from a removal order is not a liberty or property interest warranting due process protection." *Mireles-Valdez*

*v. Ashcroft*, 349 F.3d 213, 219 (5th Cir. 2003) (internal quotation marks and citation omitted). Cancellation of removal is discretionary. § 1229b(a). Moreover, the record shows that Garibaldi-Hernandez received all the process he was due. *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470 (5th Cir. 2005). Also, Garibaldi-Hernandez's reliance on *Zhao*, 404 F.3d at 301-04, is misplaced; that case interpreted § 1252(a)(2)(B)(ii) and is thus inapposite.

Garibaldi-Hernandez has not made any cogent legal or constitutional challenge to the BIA's discretionary decision. Therefore, we are without jurisdiction to grant him relief from the denial of his cancellation application. *See* § 1252(a)(2)(B)(i), (a)(2)(D).

DISMISSED FOR LACK OF JURISDICTION.