# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2020

Lyle W. Cayce
Clerk

No. 19-60375
Summary Calendar

Victor Manuel Hernandez-Velazquez,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 566 743

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Victor Manuel Hernandez-Velazquez is a native and citizen of Mexico who petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) concluding that he was ineligible for cancellation of removal and ordering

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

him removed.  Proceeding pro se, Hernandez-Velazquez argues that the BIA erred by not recognizing his stepson as a qualifying relative, not recognizing that he made a showing of extraordinary hardship to his qualifying relatives, and by not exercising its discretion to grant him relief.

Under 8 U.S.C. § 1229b(b)(1), an alien is eligible for cancellation of removal if, inter alia, he shows that his removal will cause "exceptional and extremely unusual hardship" for, inter alia, his United States citizen spouse or child.  "[N]o court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i).  Nonetheless, this court does have jurisdiction to review constitutional claims and questions of law raised in a petition for review of the denial of § 1229b relief.  § 1252(a)(2)(D); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).

Hernandez-Velazquez raises no viable legal or constitutional claims. Insofar as he argues that the BIA erred by concluding that his stepson was not a qualifying relative, he is mistaken, as the record shows that the BIA determined that his stepson was a qualifying relative.  His argument that the BIA and IJ failed to consider all relevant factors when making the hardship determination amounts to a challenge to the agency's balancing of the pertinent factors and is a factual argument that will not be considered by this court. *See Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014).  His argument that the BIA should have exercised discretion to grant him cancellation of removal is a challenge to the denial of § 1229b relief that falls squarely within the ambit of § 1252(a)(2)(B)(i), and we will not consider this claim. *See Sung*, 505 F.3d at 377.  The petition for review is DISMISSED for want of jurisdiction.