# United States Court of Appeals for the Fifth Circuit

No. 21-60959
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2022

Lyle W. Cayce
Clerk

J. Reyes Luna Esparza,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A212 953 379

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

J. Reyes Luna Esparza, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) denial of his application for cancellation of removal.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60959

Luna Esparza argues that the BIA erred in denying his application for cancellation of removal based on the finding that he had failed to show that his son would suffer exceptional and extremely unusual hardship upon petitioner's removal to Mexico. He further argues that the hardship standard is unconscionable and violates his constitutional right to due process.

This court lacks jurisdiction to consider Luna Esparza's challenge to the BIA's hardship determination. *See Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022); *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022); 8 U.S.C. § 1252(a)(2)(B). We likewise lack jurisdiction to review Luna Esparza's related argument that the BIA failed to consider certain relevant factors in its hardship determination. *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).

Luna Esparza also raises a constitutional challenge to the hardship standard. He argues that the "exceptional and extremely unusual hardship" requirement is an "unconscionable standard" as applied by the BIA because only applicants who can show that their qualifying relatives suffer from "serious physical medical conditions" will be eligible for cancellation of removal. Luna Esparza contends that the standard's high burden violates the due-process rights of noncitizens. This court still has jurisdiction to consider constitutional challenges to the denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Patel*, 142 S. Ct. at 1623.

Nonetheless, "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (internal quotation marks and citations omitted). And cancellation of removal is a form of discretionary relief. *See* 8 U.S.C. § 1229b(b)(1).

The petition for review is DISMISSED in part and DENIED in part.