# United States Court of Appeals for the Fifth Circuit

No. 21-60667
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2022

Lyle W. Cayce
Clerk

Jorge Alberto Becerra Ortiz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petitions for Review of Orders of the
Board of Immigration Appeals
Agency No. A201 125 006

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Jorge Alberto Becerra Ortiz, a native and citizen of Mexico, petitions for review of: the Board of Immigration Appeals' (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for cancellation of removal; and the BIA's denying his motion to reopen.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60667

Ortiz applied for cancellation of removal based on the hardship his mother, a lawful permanent resident, would face; and then motioned to reopen based on new evidence regarding that hardship. (Our court consolidated his petitions.) He challenges the BIA's hardship determination and contends the BIA failed to properly weigh the evidence or consider other factors affecting the hardship determination.

In considering the BIA's decisions (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Whether our court has jurisdiction is reviewed *de novo*. *E.g.*, *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

Our court lacks jurisdiction to consider Ortiz' challenge to the BIA's determination he failed to establish his mother would face "exceptional and extremely unusual hardship" upon his removal. 8 U.S.C. § 1229b(b)(1)(D); *see Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) ("[T]he BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which falls within the scope of § 1252(a)(2)(B)(i) and is beyond our review".).

Accordingly, we lack jurisdiction to review that issue stemming from his motion to reopen. *E.g.*, *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (explaining BIA's order denying reopening is shielded from judicial review if underlying final order of removal is not reviewable under § 1252(a)(2)).

Likewise, Ortiz' claims the BIA failed to properly weigh the evidence or consider other factors that affect the hardship determination are not reviewable. *E.g.*, *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007) (holding claim BIA failed to consider all factors in determining level of hardship

supporting application for cancellation of removal is not reviewable legal question).

Finally, our court lacks jurisdiction to review Ortiz' assertion the BIA failed to adequately explain its decisions. *E.g.*, *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996) (noting our court generally reviews the BIA's decision "procedurally to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims" (citation omitted)). Even assuming *arguendo* this issue raises legal questions reviewable pursuant to § 1252(a)(2)(D), he failed to exhaust the issues before the BIA. *E.g.*, *Martinez-Guevara v. Garland*, 27 F.4th 353, 359–60 (5th Cir. 2022) (explaining petitioner must administratively exhaust claims by presenting them to BIA).

DISMISSED.