# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60355
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

Leticia Razo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 290 518

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Leticia Razo, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of an Immigration Judge (IJ) denying her applications for withholding of removal and cancellation of removal and ordering her removed. We review the BIA's opinion and considers the IJ's decision only

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

insofar as it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Because the BIA's decision concerning withholding is reviewed for substantial evidence, we will not disturb it unless the evidence "*compels*" a contrary conclusion.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).  Because Razo cites no evidence compelling a conclusion contrary to that of the BIA on the issue whether her proposed particular social group was cognizable, her challenge to the rejection of her withholding claim fails, and we need not consider her remaining arguments concerning this form of relief.  *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023); *Jaco v. Garland*, 24 F.4th 395, 401, 406-07 (5th Cir. 2021); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019).

Finally, we lack jurisdiction to consider her challenge to the BIA's determination that she had not made the necessary hardship showing with respect to her cancellation claim.  *See* 8 U.S.C. §§ 1229b(b)(1)(D), 1252(a)(2)(B)(i),(D);  *Patel v. Garland*, 142 S. Ct. 1614, 1621-22 (2022); *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022); *see also Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007) (concluding that a constitutional or legal question was not raised by a claim that the agency did not consider all the relevant factors in deciding whether there was exceptional and extremely unusual hardship supporting a discretionary cancellation of removal under § 1229b).  The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.