07-0448-ag
Al-Shahin v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED.  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              JOSÉ CABRANES,
                              <u>Circuit Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - -X

SAMI AL-SHAHIN,
        <u>Petitioner</u>,

        -v.-                                         07-0448-ag

ERIC HOLDER, JR., Attorney General of the United States,
        <u>Respondent</u>.[**]
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009.  The two remaining members of the panel, who are in agreement, have determined the matter.  <u>See</u> 28 U.S.C. § 46(d); Local Rule 0.14(2); <u>United States v. Desimone</u>, 140 F.3d 457 (2d Cir. 1998).

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Holder is automatically substituted for former Attorney General Michael Mukasey.

**APPEARING FOR PETITIONER:** WILLIAM O. RECKLER (Alexandra A.E. Shapiro, Gregory L. Acquaviva, and Allison M. Herron, on the brief), Latham & Watkins LLP, New York, New York.

**APPEARING FOR RESPONDENT:** KRISTIN K. EDISON (Michael F. Hertz and John W. Blakeley, on the brief), United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

Petition for review of a final order of removal from the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED.**

Petitioner Sami Al-Shahin seeks review of a decision of the BIA which affirmed an order the Immigration Judge ("IJ") denying his applications for waiver of inadmissibility, adjustment of status, cancellation of removal, asylum, and withholding of removal. Because the BIA adopted and supplemented the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1] Al-Shahin first contends that the IJ committed legal error in failing to consider evidence of rehabilitation and in denying his application for § 212(h) relief. See 8 U.S.C. § 1182(h). Our review of an IJ's § 212(h) decision is limited to "constitutional claims or questions of law." See 8 U.S.C. § 1252(a)(2)(D). Al-Shahin's argument fails because it raises a factual challenge, not a legal one; we presume, as we must, that the IJ did consider the evidence of Al-Shahin's rehabilitation. See Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 159 n.13 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the

2

evidence before him, unless the record compellingly suggests otherwise."). We therefore treat the IJ's finding of an "absen[c]e of rehabilitation" as a conclusion based on the evidence, and not as a failure to consider the evidence. Accordingly, we have no jurisdiction to consider his argument.

**[2]** Al-Shahin also argues that the IJ erred in denying his applications for asylum and withholding of removal because the IJ applied an erroneous legal standard to determine that Al-Shahin had been convicted of a "particularly serious crime." See Matter of Frentescu, 18 I. & N. Dec. 244, 245 (BIA 1982), superseded in part by statute as recognized in In re L-S-, 22 I. & N. Dec. 645, 650 (BIA 1999). This is a question of law that we have jurisdiction to review. See 8 U.S.C. § 1252(a)(2)(D). Under governing BIA precedent, four factors bear on whether a crime is "particularly serious" so as to render an alien ineligible for asylum and withholding of removal: "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." Id. at 247. There is no error in the IJ's application of these principles.

**[3]** Al-Shahin challenges the IJ's conclusion that he failed to accrue the seven years of continuous residency required for a grant of cancellation of removal. See 8 U.S.C. § 1229b(a)(2). We have jurisdiction to review this legal question, but there is no merit in Al-Shahin's argument. Under the relevant statute, any period of continuous residence is deemed to end upon the commission of an offense that renders the alien inadmissible to the United States. See 8 U.S.C. § 1229b(d)(1)(B). The IJ properly applied the statute to the facts and determined that Al-Shahin was ineligible for cancellation of removal.

**[4]** Finally, Al-Shahin contends that the IJ committed legal error in administratively closing his case in November 2002. But on appeal Al-Shahin concedes that any error caused him no prejudice. Accordingly, and without addressing the merits, we will not remand on this ground. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 338 (2d Cir. 2006).

3

Finding no merit in Al-Shahin's remaining arguments, we hereby **DENY** the petition.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

                              By:_____