# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60416
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2014

Lyle W. Cayce
Clerk

AMAR CHHETRI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 245

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Amar Chhetri, a native and citizen of Nepal, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) denying his motion for reconsideration of its order affirming an Immigration Judge's (IJ) denial of his application for adjustment of status and dismissing his appeal. Chhetri contends that the IJ erroneously denied his application for adjustment of status and that the BIA did not properly evaluate all of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relevant factors prior to rendering its decision.  He claims that both the IJ and the BIA improperly assessed and evaluated the testimony and evidence in his case.

To the extent that Chhetri is attacking the BIA's dismissal of his appeal, we lack jurisdiction to consider his assertions because he failed timely to file a petition for review from that decision.  *See* 8 U.S.C. § 1252(b)(1); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).  Chhetri filed a timely petition for review of the BIA's denial of his motion for reconsideration, but we lack jurisdiction to review the discretionary denial of a request for adjustment of status, including the denial of a motion for reconsideration of such a decision.  *See* § 1252(a)(2)(B)(i); *see also Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006); *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004).  Although the jurisdictional bar set forth in § 1252(a)(2)(B)(i) does not preclude review of constitutional claims or questions of law, *see* § 1252(a)(2)(D); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007), Chhetri's assertions amount to nothing more than his disagreement with the IJ's and BIA's weighing of the factors underlying the discretionary equities determination.  Because Chhetri challenges the consideration and weighing of the evidence, we lack jurisdiction over his claim that the BIA erred in denying his motion for reconsideration of its decision affirming the IJ's denial of his application for adjustment of status. *See Sung*, 505 F.3d at 377.  Chhetri's petition for review is DISMISSED FOR LACK OF JURISDICTION.