# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2014

Lyle W. Cayce
Clerk

No. 14-60525

LIBRADO ESPARZA ALFARO, also known as Librado Alfaro Esparza,

     Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

     Respondent

-----

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 233 972

-----

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Librado Esparza Alfaro ("Esparza"), a citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals affirming his removal from the United States. The Government moves to dismiss Esparza's petition for lack of jurisdiction. For the following reasons, we grant the motion to dismiss.

-----

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60525

In September 2010, Esparza pleaded guilty to and was convicted of indecency with a child, a second-degree felony under Texas law. The Department of Homeland Security commenced removal proceedings against him in September 2012 on the grounds that his conviction of an aggravated felony made him deportable. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). While Esparza's removal proceedings were pending, his son, who is a U.S. citizen, petitioned for him to be classified as an "immediate relative" so that he would be eligible to apply for an immigrant visa. In January and February 2014, the Immigration Judge ("IJ") held hearings on Esparza's application for adjustment of status and his claim for derivative citizenship through his U.S. citizen mother. The IJ found that Esparza's claim for derivative citizenship lacked merit, and she denied Esparza's application for adjustment of status as a matter of discretion. The IJ therefore ordered that Esparza be removed from the United States to Mexico. Esparza appealed only the denial of his application for adjustment of status. The Board of Immigration Appeals ("BIA") affirmed that denial and dismissed his appeal.

We are generally prohibited from reviewing a final order of removal against an alien who is removable because he committed an aggravated felony. 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii). We are also generally prohibited from reviewing the discretionary denial of a request for adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i); *Chhetri v. Holder*, 560 F. App'x 396, 397 (5th Cir. 2014). However, there is an exception to both prohibitions for petitions for review based on "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Esparza claims that his petition raises a legal issue suitable for appellate review because his petition argues that the IJ and BIA did not properly apply the law to the facts. As support for his argument that the law was misapplied, Esparza claims that both the IJ and the BIA ignored certain evidence of his rehabilitation.

No. 14-60525

Esparza does not raise a colorable legal argument. Both the IJ and BIA expressly considered evidence bearing on rehabilitation and concluded that that evidence did not support a favorable exercise of discretion. Esparza effectively brings a factual challenge to the IJ's and BIA's conclusions based on the record. We lack jurisdiction to review that challenge. *See Solorzano-Moreno v. Mukasey*, 296 F. App'x 391, 394 (5th Cir. 2008) (holding that claims were unreviewable because they "amount[ed] to an argument that the immigration judge 'abused her discretion in weighing the multiple desiderata made relevant by the BIA[]'" (citing *Petrov v. Gonzales*, 464 F.3d 800, 802 (7th Cir. 2006) (brackets omitted)); *see also Al-Shahin v. Holder*¸ 354 F. App'x 583, 584 (2d Cir. 2009) (holding that the immigration judge's finding of an absence of rehabilitation was unreviewable).

Esparza's petition for review is therefore DISMISSED for lack of jurisdiction.