# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2021

Lyle W. Cayce
Clerk

No. 20-60713

Rigoberto Garza Rios,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 995 835

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Rigoberto Garza Rios petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his motion to reopen removal proceedings and cancel removal. The Government moves to dismiss Garza Rios's petition for lack of jurisdiction or, alternatively, to summarily deny his petition. We grant the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60713

Government's motion and dismiss Garza Rios's petition for lack of jurisdiction in part and summarily deny the remainder.

In 2002, an IJ ordered Garza Rios removed at a hearing in which he appeared. In 2018, Garza Rios filed a motion to reopen his removal proceedings with the IJ. Garza Rios argued that he was eligible for cancellation of removal and that the notice he received was insufficient under *Pereira v. Sessions*[1] to trigger the stop-time rule. The IJ denied his motion, concluding that he had not established prima facie eligibility for cancellation of removal. Garza Rios appealed. The BIA dismissed his appeal, finding his motion to reopen untimely. Even assuming the motion was timely, the BIA concluded Garza Rios failed to establish eligibility for cancellation of removal because he did not put forth sufficient evidence that any qualifying relatives would experience exceptional and extremely unusual hardship upon his removal and because he was provided with sufficient notice to trigger the stop-time rule.[2]

This Court applies "a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings."[3] We must affirm the BIA's decision as long as it is "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary."[4] Summary disposition is appropriate where "the position of one of the parties

---

[1] 138 S.Ct. 2105 (2018).

[2] *See* 8 U.S.C. § 1229b(b)(1) (providing that a noncitizen is eligible for cancellation of removal if he (1) has been physically present in the United States continuously for at least ten years prior to applying for cancellation of removal, (2) has been a person of good moral character during this period, (3) has not been convicted of any offense listed under 8 U.S.C. § 1182(a)(2) or §§ 1227(a)(2)-(3), and (4) establishes that removal would result in exceptional and extremely unusual hardship to a qualifying relative).

[3] *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).

[4] *Id.* at 203-04 (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009)).

No. 20-60713

is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."[5]

The Government argues this Court lacks jurisdiction to review the BIA's finding that Garza Rios provided insufficient evidence establishing that his qualifying relatives would experience exceptional and extremely unusual hardship upon removal. We agree. This Court lacks jurisdiction to review denials of discretionary relief, including "any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal]."[6] The BIA's finding that Garza Rios failed to demonstrate the requisite hardship was discretionary based on its evaluation of the evidence provided by him.[7] The jurisdictional bar applies, and so we dismiss this portion of Garza Rios's petition.

The Government next contends Garza Rios has waived any challenge to the BIA's untimeliness finding because he failed to contest the issue in his opening brief. We agree with the Government here as well. "A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal . . . ."[8] Here, Garza Rios filed his motion to reopen sixteen years later. In his opening brief, Garza Rios fails to address the untimeliness of his motion to reopen and thus has waived any challenge to it.[9]

---

[5] *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161 (5th Cir. 1969).

[6] 8 U.S.C. § 1252(a)(2)(B)(i); *see, e.g.*, *Pierre-Paul v. Barr*, 930 F.3d 684, 694 (5th Cir. 2019) (dismissing for lack of jurisdiction where "the BIA declined to cancel removal as a matter of discretion").

[7] *See, e.g.*, *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004) (per curiam); *Chhetri v. Holder*, 560 F. App'x 396, 397 (5th Cir. 2014) (unpublished) (per curiam) (dismissing petition for lack of jurisdiction where petitioner's arguments "amount[ed] to nothing more than his disagreement with the IJ's and BIA's weighing of the factors underlying the discretionary equities determination").

[8] 8 C.F.R. § 1003.23(b)(1). The 90-day period is subject to exceptions not applicable here.

[9] *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument.").

No. 20-60713

Because Garza Rios's motion to reopen is time-barred, we summarily deny the remainder of his petition for review.[10]

Garza Rios's petition is dismissed in part for lack of jurisdiction and summarily denied in part.

---

[10] Even if Garza Rios's motion to reopen was timely, his argument that his notice to appear was insufficient to trigger the stop-time rule because it did not include the time and date of his removal hearing is foreclosed by this Circuit's precedent. *See Yanez-Pena v. Barr*, 952 F.3d 239, 246 (5th Cir. 2020) (concluding that a subsequent notice of hearing containing the time and date of a removal hearing "'perfects' the deficient notice to appear, satisfies the notice requirements, and triggers the 'stop-time' rule" (quoting *Matter of Mendoza-Hernandez*, 271 I&N Dec. 520, 535 (BIA 2019) (cleaned up)). We would therefore still summarily deny this claim in Garza Rios's petition.